Filed 5/6/03 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2003 ND 76

State of North Dakota, Plaintiff and Appellee

v.

David L. Thorson, Defendant and Appellant

No. 20020212

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Benny A. Graff, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Brian David Grosinger, Assistant State’s Attorney, 210 2nd Avenue NW, Mandan, N.D. 58554, for plaintiff and appellee.

Wayne D. Goter, Goter Law Office, P.O. Box 1552, Bismarck, N.D. 58502-

1552, for defendant and appellant.

State v. Thorson

No. 20020212

Sandstrom, Justice.

[¶1] David Thorson appealed from a judgment of conviction on two class B felony charges of gross sexual imposition.  We hold the State’s failure to provide Thorson a copy of the form 960 report of suspected child abuse which was filed with the Department of Human Services was not reversible obvious error, and we affirm.

I

[¶2] Thorson was charged with two counts of committing gross sexual imposition in violation of N.D.C.C. § 12.1-20-03 for two separate incidents of engaging in sexual contact with his girlfriend’s nine-year-old daughter.  The first incident occurred in April 2001, and the second incident occurred in June 2001. Both violations occurred in the victim’s home, and on both occasions Thorson engaged in touching the minor’s vagina with his hand.  The jury returned verdicts of guilty on both counts and Thorson appealed, claiming the State abused the discovery process by failing to disclose relevant information to Thorson.  

[¶3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  Thorson’s appeal is timely under N.D.R.Crim.P. 37(b) and under N.D.R.App.P. 4(b).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and under N.D.C.C. §§ 29-01-12 and 29-28-06.  

II

[¶4] During pretrial discovery, Thorson requested the State, under N.D.R.Crim.P. 16(f), to disclose the names and statements of all prosecution witnesses and the relevant statements within its possession or control by other persons.  The prosecution responded by sending Thorson a copy of the criminal complaint, an eleven-page police report, and a criminal history.  During trial, Dave Shipman, the investigating officer from the Mandan Police Department, testified that his investigation began after he received an August 28, 2001, form 960 report from the Department of Human Services of suspected child abuse by Thorson.  Form 960 is the document used to report suspected child abuse to the Department under N.D.C.C. ch. 50-25.1.  Although the 960 report was referred to in the police report disclosed to Thorson, the prosecution did not provide Thorson a copy of the 960 report, and it was not introduced as evidence in the case.  

[¶5] During the trial, the victim testified she reported the April 2001 incident of sexual contact by Thorson “right away” to her school counselor.  Under N.D.C.C. § 50-25.1-03(1), school counselors are required to report suspected child abuse to the Department of Human Services.  However, Officer Shipman testified that the report of abuse was not made until August 28, 2001.  Thorson claims he terminated his relationship with the victim’s mother in August 2001 and the report of abuse must have been made by either her or the victim and was false and motivated by anger of the victim’s mother over the broken relationship. 

[¶6] During deliberations, the jury sent the court a note asking, “When was the 960 filed and by who?  Was it September 2001?  May we see the 960?”  After consulting the parties, the court responded, “the 960 was not introduced as an exhibit, therefore you cannot see it.  Officer Shipman testified that it was signed on August 28th of 2001.  You are limited to that evidence offered during the trial.”   

[¶7] Thorson argues he was denied his discovery rights under N.D.R.Crim.P. 16(f) and his rights to disclosure of exculpatory information under 
Brady v. Maryland
, 373 U.S. 83, 87 (1963).  He asserts: 

The ability to show and argue to the jury that the allegation of abuse was made much later and only after the split up of Thorson and S.T.’s mother could have done much to undermine the credibility of its only witness.  The jury question on this point underscores the importance of this issue in this case.

[¶8] Thorson concedes he did not raise the discovery issue before the trial court, but he claims the prosecution’s failure to provide him a copy of the 960 report constitutes obvious error entitling him to a reversal of his conviction and a new trial.  The prosecution argues the report was not discoverable and, if it was, Thorson has not shown prejudice entitling him to reversal and a new trial under the obvious error doctrine.  

[¶9] Generally, issues not properly preserved at the trial court level will not be heard on appeal.  
State v. Bingaman
, 2002 ND 202, ¶ 9, 655 N.W.2d 51.  However, under N.D.R.Crim.P. 52(b), “[o]bvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.”  
Id.
  To establish obvious error, the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights.  
State v. Yineman
, 2002 ND 145, ¶ 22, 651 N.W.2d 648.  We exercise our authority to notice obvious error cautiously and only in exceptional circumstances when the defendant has suffered serious injustice.  
State v. Weisz
, 2002 ND 207, ¶ 6, 654 N.W.2d 416.

III

[¶10] Under N.D.R.Crim.P. 16, the prosecution must disclose, upon the defendant’s request, names and statements of witnesses the prosecution intends to call and also the relevant statements within the prosecution’s possession or control of other persons.  Rule 16 is a discovery rule designed to further the interests of fairness.  
State v. Ensminger
, 542 N.W.2d 722, 723 (N.D. 1996).  The trial court may impose sanctions for a failure to comply with Rule 16, and this Court reviews decisions on the sanction issue under the abuse-of-discretion standard.  
Id.
  If the defendant fails to show prejudice from a violation of Rule 16, it is not an abuse of discretion for the trial court to refuse to admit evidence as a sanction for the violation.  
Id.

[¶11] The 960 report filed with the Department of Human Services in this case was not introduced into evidence and is not part of the record.  There is no record evidence showing who filed the report of suspected abuse.  It may have been the victim, the victim’s mother, or some other person.  If the report contained statements of the victim, who testified at trial, the disclosure of those statements was required under N.D.R.Crim.P. 16(f)(1).  If the report contains statements of the victim’s mother, who did not testify at trial, or a counselor, teacher, or other person with knowledge of the situation, the prosecution may have been required to provide the report to Thorson under N.D.R.Crim.P. 16(f)(3), which requires the prosecution to permit the defendant to inspect “any relevant written or recorded statement of any person, or copies thereof, within the possession, custody, or control of the prosecution, the existence of which is known to the prosecuting attorney.”  For purposes of this appeal, we will assume the prosecution was required to provide the 960 report to Thorson. 

[¶12] To be entitled to relief for a Rule 16 violation, Thorson must show prejudice.  
Ensminger
, 542 N.W.2d at 723; 
City of Grand Forks v. Ramstad
, 2003 ND 41, ¶ 25.  In this case, Thorson’s defense tactic was to show the accusations of abuse were false and were motivated by the anger of the victim’s mother because Thorson ended their relationship.  To show that, Thorson argued to the jury the school counselor did not report the abuse in April 2001 when the victim said she told the counselor about it.  The jury was advised the 960 report of suspected abuse was not filed until August 28, 2001, and Thorson was allowed to argue the date of the report was proof that it was made after Thorson and the victim’s mother terminated their relationship and, therefore, the report was the product of anger, not fact.  Thorson has made no showing the information contained in the 960 report would have been exculpatory or would have supported his theory of the case. Thorson has made no showing that the failure to disclose to him the contents of the report prejudiced his defense in this case.  Under these circumstances, we conclude the State’s failure to provide the 960 report to Thorson did not constitute reversible obvious error.  

[¶13] Thorson also asserts his discovery rights under the 
Brady
 decision were violated.  In 
Brady v. Maryland
, 373 U.S. 83, 87 (1963), the United States Supreme Court held that the prosecution’s suppression of evidence that is favorable to the accused violates due process when the evidence is material to either guilt or punishment.   To establish a 
Brady
 discovery violation, the defendant must show: (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a  reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed.  
State v. Goulet
, 1999 ND 80, ¶ 15, 593 N.W.2d 345.  The 
Brady
 rule does not apply to evidence the defendant could have obtained with reasonable diligence, and the defendant’s failure to discover evidence from a lack of diligence defeats a 
Brady
 claim the prosecution withheld that evidence.  
State v. Sievers
, 543 N.W.2d 491, 495-96 (N.D. 1996).

[¶14] We have already discussed Thorson’s failure to show he was prejudiced by not having the 960 report and, consequently, he cannot demonstrate, for purposes of establishing a 
Brady
 violation, that the outcome of the proceedings would have been different if the contents of the 960 report had been disclosed.  Thorson has also failed to establish a 
Brady
 violation, because he did not act with reasonable diligence to obtain the 960 report.  Under N.D.C.C. § 50-25.1-11, all reports, even though confidential, “must be made available to . . . [a]ny person who is the subject of a report; provided, however, that the identity of persons reporting under this chapter is protected.”  Consequently, Thorson, with reasonable diligence, could have obtained and reviewed the 960 report.  The police report provided to Thorson by the prosecution revealed that the 960 report had been filed with the Department of Human Services.  Apparently, however, Thorson made no attempt to obtain the 960 report or the information in it from the Department of Human Services after its existence had been disclosed by the police report.  We conclude Thorson failed to act with reasonable diligence to obtain the report.

IV

[¶15] Having reviewed the record for obvious error, we conclude Thorson has failed to meet his burden of establishing there was plain error that affected his substantial rights, causing him to suffer serious injustice.  We therefore conclude Thorson is not entitled to a reversal of his convictions or a new trial under the obvious error doctrine, and we affirm the judgment.

[¶16] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.