2008 ND 76

In the Matter of the Application for **DISCIPLINARY ACTION AGAINST Kerry A. O'DONNELL, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**Kerry A. O'Donnell, Respondent.**

**Nos. 20080084, 20080085.**

Supreme Court of North Dakota.

April 18, 2008.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1]   Kerry A. O'Donnell was admitted as an attorney in North Dakota on October 6, 2003, and his name has appeared on the roll of attorneys since that date.

[¶ 2]   On August 6, 2007, O'Donnell admitted service of a Summons and Petition for Discipline.  The Petition alleges that O'Donnell attempted to acquire the controlled substance hydrocodone, by misrepresentation, fraud, forgery, deception, or subterfuge, by attempting to fill a prescription he had intentionally altered to obtain more pills than had been prescribed.  The Petition further alleges that O'Donnell denied altering the prescription, falsely informing the arresting officer that if the prescription was forged, it must have been done by someone entering O'Donnell's vehicle during one of his stops to the pharmacy.

[¶ 3] The Petition asserts that O'Donnell's conduct violated N.D.R. Prof. Conduct 8.4(b) and N.D.R. Lawyer Discipl. 1.2(A)(2)(committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer through violations of N.D.C.C. § 12.1–06–01(criminal attempt) and N.D.C.C. § 19–03.1–25(1)(c)(acquiring or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge)); and N.D.R. Prof. Conduct 8.4(c) and N.D.R. Lawyer Discipl. 1.2(A)(3)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

[¶ 4] On September 24, 2007, O'Donnell filed an Answer to Petition for Discipline admitting that he attempted to acquire hydrocodone by intentionally altering the prescription to obtain more pills than had been prescribed while he was under the influence of the same medication. O'Donnell also admitted that he falsely informed the arresting officer about the forgery of the prescription, but denied that he stated someone else entered his car and changed the prescription. O'Donnell further admitted he committed a criminal act; that he has completed a chemical dependency program and continues to participate in meetings and treatment; and that he is participating in the Lawyer Assistance Program. O'Donnell also acknowledged that he understands the gravity of the situation; however, he denied that his actions fraudulently affected a client or adversely affected his trustworthiness as a lawyer and were the result of addiction, which he is addressing.

[¶ 5] On November 21, 2007, a Stipulation, Consent to Discipline, and Recommendation of Hearing Panel with exhibit 1 was filed. In the Stipulation, O'Donnell stipulated that he had become addicted to prescription drugs due to health issues;

that he was arrested for attempting to acquire the controlled substance hydrocodone with a forged prescription; that he had intentionally altered the prescription to obtain more pills than had been prescribed for him; that he entered a plea of guilty on December 3, 2007, to attempting to obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, a Class A misdemeanor, which is a serious crime for purposes of N.D.R. Lawyer Discipl. 4.1; and that his conduct violated N.D.R. Prof. Conduct 8.4(b) and N.D.R. Lawyer Discipl. 1.2(A)(2)(committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and N.D.R. Prof. Conduct 8.4(c) and N.D.R. Lawyer Discipl. 1.2(A)(3)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

[¶ 6] The Stipulation also acknowledged that O'Donnell had successfully completed intensive outpatient chemical dependency treatment at First Step Recovery on June 7, 2007, and was evaluated for aftercare plans and recommendations. By letter dated June 12, 2007, from First Step Recovery, O'Donnell provided his aftercare plans and recommendations to the State Bar Association Lawyer Assistance Program, which was accepted as an Individualized Assistance Plan for purposes of N.D.R. Lawyer Discipl. 6.6(E).

[¶ 7] In the Stipulation and Consent to Discipline, O'Donnell consented to a suspension from the practice of law for two years, to be stayed on certain terms and conditions. The Hearing Panel filed the Stipulation, Consent to Discipline and Recommendations of Hearing Panel, adopting the Stipulation and Consent to Discipline and recommending that O'Donnell be suspended from the practice of law for two years, to be stayed on the conditions set forth in the Stipulation and Consent to

Discipline, and that O'Donnell pay the costs and expenses of the disciplinary proceeding in the amount of $250.

[¶ 8] The matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed under N.D.R. Lawyer Discipl. 3.1(F)(2). The Court considered the matter and rejected the Stipulation, Consent to Discipline and Recommendation of the Hearing Panel. The matter was returned to the Hearing Panel for further consideration.

[¶ 9] On February 20, 2008, O'Donnell was placed on interim suspension after a criminal judgment was entered and O'Donnell was convicted of attempt to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge in violation of N.D.C.C. §§ 12.1–06–01 and 19–03.1–25(1)(c), a Class A Misdemeanor. *See Disciplinary Board v. O'Donnell*, 2008 ND 17, 744 N.W.2d 724.

[¶ 10] On March 3, 2008, O'Donnell admitted service of a second Petition for Discipline relating to his criminal conviction for a "serious crime" under N.D.R. Lawyer Discipl. 4.1(C). The second Petition asserts that O'Donnell's conviction violated N.D.R. Prof. Conduct 8.4(b) and N.D.R. Lawyer Discipl. 1.2(A)(2)(committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer through violations of N.D.C.C. § 12.1–06–01(criminal attempt) and N.D.C.C. § 19–03.1–25(1)(c)(acquiring or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge)); and N.D.R. Prof. Conduct 8.4(c) and N.D.R. Lawyer Discipl. 1.2(A)(3)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). O'Donnell filed an Answer admitting that he had committed the criminal act and the criminal act was

the result of a drug addiction; that he has completed a chemical dependency program and continues to participate in meetings and treatment; that he is participating in the Lawyer Assistance Program; that he understands the gravity of the situation; and that his conduct did not fraudulently affect a client or adversely affect his trustworthiness as a lawyer.

[¶ 11] On April 9, 2008, the Hearing Panel filed its Findings of Fact, Conclusions of Law and Recommendation of Hearing Panel. The Hearing Panel found that O'Donnell was arrested for attempting to acquire hydrocodone, a controlled substance, with a forged prescription, and attempted to fill a prescription knowing he had intentionally altered the prescription to obtain more pills than prescribed. The Hearing Panel further found that O'Donnell pled guilty to the Class A Misdemeanor of attempting to obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge and that it is a "serious crime" under N.D.R. Lawyer Discipl. 4.1.

[¶ 12] The Hearing Panel also found that O'Donnell successfully completed intensive outpatient chemical dependency treatment at First Step Recovery on June 7, 2007, and was evaluated for aftercare plans and recommendations. By letter dated June 12, 2007, from First Step Recovery, O'Donnell provided his aftercare plans and recommendations to the State Bar Association Lawyer Assistance Program, which was accepted as an Individualized Assistance Plan for purposes of N.D.R. Lawyer Discipl. 6.6(E). Further, the Hearing Panel found that O'Donnell is in compliance with the treatment plans at First Step Recovery.

[¶ 13] The Hearing Panel concluded that O'Donnell's conduct violated N.D.R. Prof. Conduct 8.4(b) and N.D.R. Lawyer

Discipl. 1.2(A)(2), committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, through violations of N.D.C.C. §§ 12.1–06–01(criminal attempt) and 19–03.1–25(1)(c) (acquiring or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge). The Hearing Panel also concluded that O'Donnell's conduct violated N.D.R. Prof. Conduct 8.4(c) and N.D.R. Lawyer Discipl. 1.2(A)(3)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

[¶ 14] The Hearing Panel considered the aggravating factor of selfish or dishonest motive under N.D. Stds. Imposing Lawyer Sanctions 9.22(b). The Hearing Panel considered mitigating factors under N.D. Stds. Imposing Lawyer Sanctions 9.32(a), absence of a prior disciplinary record; 9.32(c), personal or emotional problems experienced by O'Donnell for which he is undergoing treatment and seeking assistance; 9.32(d), timely good faith effort to make restitution or to rectify consequences of misconduct; 9.32(e), full and free disclosure to disciplinary board or cooperative attitude toward the proceeding; 9.32(f), inexperience in the practice of law; and 9.32(*l*), remorse.

[¶ 15] The Hearing Panel recommended that O'Donnell be suspended from the practice of law for two years with all of the suspension stayed for a period of two years upon certain terms and conditions set forth in the Findings of Fact Conclusions of Law and Recommendation of the Hearing Panel. The Hearing Panel further recommended that O'Donnell be placed on probation during the two-year stay.

[¶ 16] The Hearing Panel concluded that the terms and conditions of probation specified measures sufficient to protect the public and recommended that Supreme Court's order of interim suspension be vacated. The Hearing Panel also recommended a procedure to be used in the event probation is violated and the stay must be lifted, and that O'Donnell provide an affidavit of compliance to the Court before the expiration of the two-year stay period.

[¶ 17] The Hearing Panel finally recommended that O'Donnell pay the costs and expenses of the disciplinary proceeding in the amount of $250, payable to the Secretary of the Disciplinary Board.

[¶ 18] The matter was again referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). The time for filing objections was waived and no objections were filed under N.D.R. Lawyer Discipl. 3.1(F)(2). The Court considered the matter, and

[¶ 19] **ORDERED,** the Findings of Fact, Conclusions of Law and Recommendation of the Hearing Panel filed April 9, 2008, is accepted as amended by the Court, and Kerry A. O'Donnell is suspended from the practice of law for two years, which is stayed for two years on the following conditions:

A. O'Donnell must comply with all treatment plans prescribed for him by First Step Recovery;

B. O'Donnell must comply with all terms and conditions of the sentence imposed in *State of North Dakota v. Kerry Andrew O'Donnell,* Cass County 09–07–K–00933.

C. O'Donnell must comply with all terms and conditions specified for his participation in the Lawyer Assistance Program.

D. O'Donnell must abstain from the use of alcohol or any other mood altering substances, except those prescribed by an approved physician with notice to the Lawyer Assistance Program.

E. O'Donnell must submit to random drug/alcohol screening, to include testing of breath, blood, or urine samples, at his own expense, whenever requested by probation officers, mental health or other counselors, the Lawyer Assistance Program, or Disciplinary Counsel. A copy of the laboratory results of each drug/alcohol screen must be provided to the Lawyer Assistance Program and Disciplinary Counsel by the laboratory or testing facility. O'Donnell must execute all necessary releases so that the laboratory or agency administering the screen can send copies of the results to the Lawyer Assistance Program and Disciplinary Counsel at the same time the results are sent to O'Donnell. A positive test or use of alcohol or mood altering substances may be deemed a basis to revoke probation and lift the stay of suspension. An attempt to mask or reduce the level of any prohibited substance may also be deemed a basis to revoke probation or lift the stay of suspension. O'Donnell is responsible for all costs and must make all arrangements for any testing required under the terms of probation.

F. O'Donnell agrees to waive any confidentiality with respect to the June 12, 2007, Individualized Assistance Plan from First Step Recovery and must provide First Step Recovery personnel with releases allowing them to communicate freely with the Lawyer Assistance Program and Disciplinary Counsel. Upon request, O'Donnell must provide releases to all treating counselors, therapists, healthcare providers, AA, NA, or other recovery or peer support program, or sponsors, to allow them to freely communicate with the Lawyer Assistance Program and Disciplinary Counsel regarding the nature of any treatment provided to O'Donnell.

G. O'Donnell is responsible for any and all costs associated with his compliance with the terms and conditions of probation.

[¶ 20] **FURTHER ORDERED,** for purposes of N.D.R. Lawyer Discipl. 3.4 and in the event Kerry A. O'Donnell violates the terms and conditions of his probation and the stay of suspension must be lifted, the following procedure will be used:

A. Upon receiving evidence demonstrating that O'Donnell has violated the terms and conditions of probation, Disciplinary Counsel shall transmit the evidence to the Court, together with a proposed order revoking probation and imposing the entire two-year suspension, effective the day probation is revoked.

B. Upon transmittal of the proposed order revoking probation, O'Donnell may request within ten days an opportunity to be heard. The Court shall return the matter to the Disciplinary Board to provide O'Donnell an opportunity to be heard and for the Disciplinary Board to provide a recommendation on Disciplinary Counsel's proposed order.

C. Upon request by Disciplinary Counsel or O'Donnell after entry of an order revoking probation, the Court shall within ten days provide an opportunity for O'Donnell or Disciplinary Counsel to demonstrate that the order should not remain in force.

[¶ 21] **FURTHER ORDERED,** prior to the expiration of the two-year stay of suspension, Kerry A. O'Donnell must provide the Court with an affidavit and supporting documentation from the Lawyer Assistance Program showing that he has fully complied with the terms and conditions of all disciplinary orders and rules and that the Lawyer Assistance Program certifies he has complied with all terms

and conditions specified for his participation in the Lawyer Assistance Program.

[¶ 22] **FURTHER ORDERED,** the Order of Interim Suspension entered on February 20, 2008, suspending Kerry A. O'Donnell from the practice of law is hereby vacated. *See Disciplinary Board v. O'Donnell,* 2008 ND 17, 744 N.W.2d 724.

[¶ 23] **FURTHER ORDERED,** Kerry A. O'Donnell pay the costs and expenses of the disciplinary proceeding in the amount of $250, payable within 30 days to the Secretary of the Disciplinary Board.

[¶ 24] GERALD W. VANDE WALLE, C.J., and CAROL RONNING KAPSNER, DALE V. SANDSTROM, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.