2015 ND 196

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Ibrahim Perry KARDOR, Defendant and Appellant.**

No. 20140410.

Supreme Court of North Dakota.

Aug. 6, 2015.

Tristan Jones Van de Streek, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Jay R. Greenwood, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Ibrahim Kardor appeals from a district court judgment after a jury found him guilty of robbery. He argues the district court abused its discretion in denying his motion for mistrial, claiming the State denied him due process by suppressing favorable evidence. Because Kardor was aware of the existence of the evidence and failed to conduct reasonable diligence in making further inquiry to obtain the undisclosed evidence, we affirm the district court judgment, concluding Kardor failed to establish a *Brady* violation.

I

[¶ 2] In 2014, a Fargo convenience store was robbed at gunpoint by two unknown persons. During the course of an

unrelated narcotics investigation, Fargo police officers conducted a garbage pull outside a residence where drug activity was suspected. They collected two matching bags containing a red jacket with white lettering, which appeared to be in new condition, a pair of cut-up sweatpants, and numerous pieces of mail indicating which residence the bags came from. One officer at the scene believed the jacket matched one worn during an armed robbery of a convenience store weeks earlier. On the basis of the evidence found in the garbage, the officers applied for a search warrant of the residence from which the bags were believed to have come.

[¶ 3] After obtaining a search warrant, the officers searched Kardor's residence and found a duffle bag containing three loaded handgun magazines, black boots, and a red hooded sweatshirt of his that matched the sweatshirt worn during the robbery, as shown by the store's security video. Officers informed Kardor of his *Miranda* rights and then interviewed him. Although Kardor denied involvement in the robbery, he was arrested for robbery and possession of marijuana with intent to deliver within 1,000 feet of a school.

[¶ 4] At trial, during jury deliberations, jurors discovered two pieces of jewelry not separately entered into evidence in the pocket of the red hooded sweatshirt, which was entered into evidence. The jewelry consisted of "a ring attached to a pearl necklace without any specific identifying information" and was contained in a small leather bag labeled "Honora Collection." Although Kardor had submitted a discovery request under N.D.R.Crim.P. 16 for all evidence possessed by the State, the State inadvertently failed to disclose the jewelry until it was found during jury deliberations. The record, however, reflects both parties agreed that the State was unaware of the jewelry until it was discovered during trial and that the State's failure to disclose the jewelry was inadvertent.

[¶ 5] After being made aware that the jury had discovered the items during its deliberations, the district court informed the parties of the discovery and allowed inspection of the jewelry. On the basis of the discovered evidence and its alleged potentially prejudicial effect, Kardor alleged a due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). When asked by the court how it should rule on the alleged evidentiary issue, Kardor suggested the possibility of a mistrial but did not move for such relief. The district court disagreed with Kardor's suggestion, finding the jewelry was not exculpatory and Kardor was not prejudiced, because Kardor's attorney stated at trial that Kardor was aware before trial that the jewelry had been found in the sweatshirt. The record reflects Kardor did not object to the district court's decision or move for a mistrial. The district court then instructed the jurors to disregard the presence of the jewelry. The jury returned a guilty verdict, which Kardor now appeals.

[¶ 6] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Kardor's appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

II

[¶ 7] Kardor argues the district court abused its discretion in determining the State's failure to disclose the existence of the jewelry was not a *Brady* violation and did not justify a mistrial.

[¶ 8] We review a district court's evidentiary ruling under an abuse of discretion standard. *State v. Muhle,*

2007 ND 132, ¶ 7, 737 N.W.2d 647 (citing *State v. Sevigny,* 2006 ND 211, ¶ 24, 722 N.W.2d 515). "A district court abuses its discretion when it acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law." *Muhle,* at ¶ 7 (internal quotations marks and citations omitted).

[¶ 9] In *Muhle,* we explained the *Brady* standard, stating:

In *Brady,* the United States Supreme Court held that suppression by the prosecution of evidence favorable to an accused violates due process if the evidence is material to guilt or punishment. To establish a *Brady* violation, the defendant must prove: (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed.

2007 ND 132, ¶ 25, 737 N.W.2d 647 (internal quotation marks and citations omitted). The *Brady* rule does not apply to evidence the defendant could have obtained with reasonable diligence; a defendant's failure to discover evidence as a result of a lack of diligence defeats a *Brady* claim that the prosecution withheld such evidence. *State v. Thorson,* 2003 ND 76, ¶ 13, 660 N.W.2d 581. Moreover, *Brady* evidence must be plainly exculpatory and require no inference. *State v. Steffes,* 500 N.W.2d 608, 613 (N.D.1993).

[¶ 10] In the present case, the district court ignored Kardor's suggestion for a mistrial and found the inadvertent discovery was not a *Brady* violation, stating:

Well, I do not think it's a *Brady* violation. This was totally inadvertent on everybody's part here, and I don't find it

to be exculpatory in any matter. There's nothing on—nothing on these items that I'd find would be exculpatory suggesting that somebody else was wearing this jacket—or this sweatshirt. And I don't find any prejudice here because by your comments, Mr. Greenwood, your client knew that this was in the pocket. He saw that it was taken out of the pocket and put back in the pocket. And I see no prejudice here. So what I am going to do is bring the jury in and tell them that they are not to consider this as evidence in any manner.

The district court instructed the jury to disregard the existence of the jewelry entirely from their deliberations:

[M]embers of the jury, we've received your word both orally and in writing here that you inadvertently found some evidence in the pocket of one of the pieces of clothing that were offered into evidence. I'm instructing to you that that was not—that item was inadvertently there. None of the parties knew about it. So it is not evidence in this case, and you are instructed not to consider what you found in that pocket as evidence during your deliberations. You must totally disregard it. And with that, I am going to excuse you back to your jury deliberation room.

According to the record, it does not appear Kardor objected to the district court's ruling or subsequent jury instruction and did not formally move for mistrial.

[¶ 11] On appeal, Kardor argues the district court erred in determining the State's failure to disclose the existence of the jewelry was not a *Brady* violation and did not justify a mistrial. He claims the State's failure to disclose the jewelry was a *Brady* violation justifying a mistrial because the jewelry was exculpatory in nature and could not be obtained through

reasonable diligence. In sum, Kardor contends, because he argued at trial that someone else had worn his sweatshirt, appeared in the security video, and committed the robbery, the existence of jewelry belonging to someone else lends support for his claims, undermines the guilty verdict, and justifies a mistrial. Kardor therefore argues the district court's failure to grant a mistrial was an abuse of discretion and warrants reversal. In response, the State argues Kardor's claim of an alleged *Brady* violation must be defeated because Kardor was actually aware of the presence of the jewelry before and during trial. Furthermore, the State argues that even if the State's failure to disclose this evidence implicates *Brady,* Kardor has failed to demonstrate that a reasonable probability exists that the outcome of the proceedings would have been different.

[¶ 12] Although Kardor argues his discovery rights under *Brady* were violated by the State's failure to disclose the existence of the jewelry, we have rejected such arguments when a defendant could have obtained the undisclosed evidence with reasonable diligence. *State v. Horn,* 2014 ND 230, ¶ 21, 857 N.W.2d 77; *Thorson,* 2003 ND 76, ¶ 13, 660 N.W.2d 581; *State v. Sievers,* 543 N.W.2d 491, 495–96 (N.D. 1996). For instance, in *State v. Sievers* we discussed whether a defendant could successfully claim a *Brady* violation when the defendant was aware of the information the State allegedly withheld or failed to disclose. *Sievers,* at 496. Because the defendant in *Sievers* was aware of the undisclosed information more than two months before trial and failed to conduct further inquiry to uncover the information, the defendant's failure to obtain the information was due to a lack of diligence, thus defeating his *Brady* claim. *Id.* at 497. Since *Sievers,* we have held "[t]he *Brady* rule does not apply to evidence the defendant could have obtained with reasonable

diligence, and the defendant's failure to discover evidence from a lack of diligence defeats a *Brady* claim [that] the prosecution withheld that evidence." *Thorson,* at ¶ 13; *Horn,* at ¶ 21; *see also United States v. Wadlington,* 233 F.3d 1067, 1076 (8th Cir.2000) (because defendant was aware of undisclosed exculpatory statement made by government's witnesses, he could not successfully establish a *Brady* claim); *State v. Bisner,* 37 P.3d 1073, 1082 n. 1 (Utah 2001) (courts appear to universally hold that a *Brady* violation cannot be established if the defendant knew or should have known of the undisclosed evidence prior to or during trial, or if the defendant had the opportunity to use such evidence to his or her advantage during trial but failed to do so); *State v. Mullen,* 171 Wash.2d 881, 259 P.3d 158, 166 (2011) ("[W]here the defendant is aware of the essential facts enabling him to take advantage of any exculpatory evidence, the Government does not commit a *Brady* violation by not bringing the evidence to the attention of the defense.").

[¶ 13] In the present case, the record reflects that although Kardor's counsel may have been unaware of the two pieces of jewelry in the sweatshirt, Kardor was aware of their existence throughout the entire trial. According to the trial transcript, Kardor's counsel explained to the district court that Kardor was aware law enforcement had found the jewelry in the sweatshirt during the initial police raid of the residence in which he had been staying, but because he did not know the jewelry would be part of the evidence, he did not inform his counsel of the jewelry's existence. Because Kardor was aware of the jewelry almost three months before trial and failed to conduct reasonable diligence to uncover the undisclosed evidence, his claim of a *Brady* violation fails. *See Horn,* 2014 ND 230, ¶ 21, 857 N.W.2d 77

("[A] defendant's failure to discover evidence due to a lack of diligence defeats a *Brady* claim that the prosecution withheld such evidence."); *Thorson,* 2003 ND 76, ¶ 13, 660 N.W.2d 581 ("[D]efendant's failure to discover evidence from a lack of diligence defeats a *Brady* claim...."); *Sievers,* 543 N.W.2d at 497 (a defendant's failure to conduct further inquiry to reveal undisclosed information when defendant was aware of evidence for more than two months was considered "a lack of diligence").

### III

[¶ 14] Because the district court did not abuse its discretion in ruling Kardor failed to establish a *Brady* violation, we affirm the judgment.

[¶ 15] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.