2016 ND 128

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Mark BEAULIEU, Defendant and Appellant.**

No. 20150345.

Supreme Court of North Dakota.

June 30, 2016.

Charles B. Neff, McKenzie County Assistant State's Attorney, Watford City, ND, for plaintiff and appellee; submitted on brief.

Benjamin C. Pulkrabek (argued), Mandan, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Mark Beaulieu appealed an order denying his motion for new trial following his conviction for refusal to halt. We affirm.

I

[¶ 2] As is relevant in this appeal, the State charged Beaulieu with refusal to halt and disorderly conduct. At trial, a police officer testified he saw Beaulieu leaving the scene of a reported disturbance. The officer testified he instructed Beaulieu to stop multiple times. After approaching Beaulieu, the officer testified Beaulieu turned in an aggressive manner, causing the officer to step into Beaulieu and resulting in the two going to the ground. The officer testified Beaulieu landed on his back. The officer also testified Beaulieu had a previously bloodied face. Beaulieu contradicted this testimony, testifying he did not hear the officer's instruction. He further testified the officer tackled him

and he landed on his face, causing it to become bloodied. After his arrest, the officer brought Beaulieu to jail, where jailers took Beaulieu's mug shot. The jury found Beaulieu not guilty of disorderly conduct but guilty of refusal to halt.

[¶ 3] Prior to trial, Beaulieu submitted a discovery request inquiring whether officers took photographs. The State responded in the negative. After trial, Beaulieu made further efforts to locate the mug shot, including contacting the state's attorney's office. After further investigation, the state's attorney provided Beaulieu with the mug shot. Believing this mug shot qualified as newly discovered evidence because it purportedly impeached the testimony of the State's only witness, Beaulieu moved for a new trial.

[¶ 4] Surrogate Judge Schmalenberger presided over Beaulieu's trial. Surrogate Judge Schmalenberger's appointment, however, expired prior to resolving the motion for new trial. The motion was reassigned to Judge Schmidt. After reviewing audio recordings, but without certifying familiarity with the record, Judge Schmidt concluded the mug shot did not qualify as newly discovered evidence. Judge Schmidt concluded the mug shot would not have changed the trial's outcome because the mug shot did not concern whether Beaulieu refused to halt and denied Beaulieu's motion for new trial.

## II

[¶ 5] Beaulieu argues Judge Schmidt erred by not certifying familiarity with the record prior to deciding his motion for new trial. Under N.D.R.Crim.P. 25(a)(2), if the judge presiding at trial cannot complete the trial, a successor judge may complete the trial so long as "the judge completing the trial certifies familiarity with the trial record." Under N.D.R.Crim.P. 25(b)(2), if the presiding judge cannot complete the court's duties following a verdict or finding of guilt, a successor judge may grant a new trial if the successor judge cannot perform the post-trial duties or a new trial is necessary for some other reason. Beaulieu argues the N.D.R.Crim.P. 25(a)(2) certification requirement should apply to N.D.R.Crim.P. 25(b)(2). This argument is contrary to the requirements set forth under N.D.R.Crim.P. 25(b)(2). We decline to impose any additional requirement of successor judges under N.D.R.Crim.P. 25(b)(2) in circumvention of the process for amending a rule. *See generally* N.D.R.Proc.R. Judge Schmidt did not err by not certifying familiarity with the record before denying the motion for new trial.

## III

[¶ 6] Beaulieu argues the district court erred in denying his motion for new trial because his mug shot qualified as newly discovered evidence. To prevail on a motion for new trial, a defendant must show: "(1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal." *State v. Steinbach,* 1998 ND 18, ¶ 22, 575 N.W.2d 193. New impeachment evidence is generally insufficient to warrant a new trial because such evidence "does not bear directly on any of the elements of the offense...." *State v. VanNatta,* 506 N.W.2d 63, 70 (N.D.1993).

[¶ 7] Beaulieu argues the district court erred in denying his motion for new trial because the mug shot would have impeached the officer's testimony. Because the officer was the State's only witness, Beaulieu argues the outcome of this

case would have been different with inclusion of the mug shot. The district court disagreed, concluding a photograph contradicting the officer's testimony regarding Beaulieu's facial injuries had no bearing on whether Beaulieu refused to halt. We review this conclusion under the following standard:

> A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion. If the newly discovered evidence is of such a nature that it is not likely to be believed by the jury or to change the results of the original trial, the court's denial of the new trial motion is not an abuse of discretion.

*Steinbach*, at ¶ 22 (internal citation omitted).

[¶ 8] Section 12.1–08–11, N.D.C.C., criminalizes refusal to halt, providing any "person . . . who willfully fails or refuses to stop or who otherwise flees or attempts to elude, in any manner, a pursuing peace officer, when given a visual or audible signal to stop, is guilty" of refusal to halt. At trial, the officer testified he instructed Beaulieu to stop multiple times and Beaulieu did not stop. The mug shot does not impeach this material testimony. Rather, the mug shot only concerns tertiary, nonmaterial inconsistencies in the officer and Beaulieu's testimonies, such as when Beaulieu's face was bloodied. While Beaulieu argues the mug shot was consistent with his testimony the officer caused his face to become bloodied, the mug shot does not establish when or how Beaulieu's face became bloodied. Thus, the mug shot is of limited impeachment value because the mug shot could be considered consistent with either the officer's or Beaulieu's testimony regarding when and how Beaulieu's face became bloodied. While the mug shot

may have been relevant to the charge of disorderly conduct, he was acquitted of disorderly conduct. With only nominal materiality and impeachment value regarding the charge of refusal to halt, we cannot say the outcome of this case likely would have been different had Beaulieu presented the mug shot at trial. The district court did not abuse its discretion in denying Beaulieu's motion for new trial.

### IV

[¶ 9] Beaulieu argues the State committed a *Brady* violation by failing to disclose the mug shot. A violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) requires the defendant show:

> (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability exists that the outcome of the proceedings would have been different if the evidence had been disclosed.

*State v. Kardor*, 2015 ND 196, ¶ 9, 867 N.W.2d 686 (quoting *State v. Muhle*, 2007 ND 132, ¶ 25, 737 N.W.2d 647). Beaulieu did not raise this issue at the district court, and issues not raised below, even of constitutional magnitude, will generally not be considered unless rising to the level of obvious error. *State v. Addai*, 2010 ND 29, ¶ 49, 778 N.W.2d 555. "Only constitutional error that is 'egregious' or 'grave' is subject to the obvious error rule." *Id.* (quoting *State v. Parisien*, 2005 ND 152, ¶ 17, 703 N.W.2d 306).

[¶ 10] Assuming the mug shot qualifies as evidence subject to a *Brady* analysis, Beaulieu's *Brady* argument fails for the same reasons discussed above regarding his motion for new trial. The mug

shot bolstered the officer's testimony as much as it did Beaulieu's testimony. Therefore, the mug shot was not favorable to Beaulieu. Coupled with the fact the mug shot had no bearing on whether Beaulieu refused to halt, there is no reasonable probability the outcome of Beaulieu's trial would have been different had the mug shot been provided. On this record, there was no grave constitutional violation constituting an obvious error.

### V

[¶ 11] We do not address other arguments raised because they are either unnecessary to this decision or are without merit. We affirm the order denying Beaulieu's motion for new trial.

[¶ 12] DALE V. SANDSTROM, CAROL RONNING KAPSNER and LISA FAIR McEVERS, JJ., concur.

DANIEL J. CROTHERS, J., concurs in the result.