**STATE of North Dakota, Plaintiff
and Appellee,**

v.

**Shawn William LINCE, Defendant
and Appellant.**

Cr. No. 920054.

Supreme Court of North Dakota.

Oct. 1, 1992.

Lester J. Schirado, State's Atty., Mandan, for plaintiff and appellee. Submitted on briefs.

Thomas M. Tuntland, Mandan, for defendant and appellant. Appearance by Shawn William Lince.

VANDE WALLE, Justice.

Shawn Lince appealed from a judgment of conviction for driving while under the influence of alcohol, in violation of Section 39–08–01, N.D.C.C. Because the State did not disclose, upon request, the witnesses that it intended to call at the trial, we reverse the judgment of conviction and remand for a new trial.

Lince was arrested by State Highway Patrol Officer Rick Michels for driving while under the influence of alcohol. A blood sample was taken from Lince, which showed that he had a blood alcohol concentration of sixteen one-hundredths of one percent. Subsection 1(a), of Section 39–08–01, N.D.C.C., prohibits a person from driving a vehicle if that person has a blood alcohol concentration of at least ten one-hundredths of one percent. Lince was prosecuted for violating that statutory provision and was found guilty by a jury.

During the discovery stages of the proceedings, Lince's attorney filed a request under Rule 16(f)(1), N.D.R.Crim.P., asking the state's attorney to "furnish to the defendant a written list of the names and addresses of all prosecution witnesses, and any statements made by them, whom the prosecuting attorney intends to call in the presentation of the case in chief." The state's attorney did not respond to this request. However, upon further inquiry by Lince's attorney, the state's attorney did give Lince a copy of the arresting officer's report.

Immediately preceding the trial, during in-chamber discussions, Lince's attorney told the court, "[a]s far as I know, the prosecution is only calling one [witness]." The state's attorney said that he intended to call a total of six witnesses. Lince's attorney responded, "I requested the prosecution to furnish a written listing of names and addresses of all prosecution witnesses. I got a report showing the officer's name, Rick Michels, and it doesn't come as any big surprise they're going to call him, but

I'm certainly not prepared for any other witnesses." The state's attorney then expounded that, in addition to Michels, he also intended to call Dr. N.G.S. Rao, the State Toxicologist; John Hoesley, a forensic chemist employed by the state toxicologist's office in Fargo; Nancy Maier, a registered nurse at the Elgin Hospital who drew Lince's blood sample; Steven Bay, a deputy sheriff with the Grant County sheriff's department who witnessed the drawing of the blood sample; and Julie Pekas, the Grant County deputy clerk of court who had custody of "the cover on the packet ... of the swab that was used to cleanse the skin before the blood was drawn."

Lince's attorney objected to having these witnesses testify. He said that if the court intended to rule in favor of allowing their testimony, he wanted a continuance of the trial. During the ensuing discussion, Lince's attorney explained to the court why Lince would be prejudiced if the court allowed all of the State's witnesses to testify, without granting the continuance:

"I came down here thinking we had— we were going to do a documents trial, which is—it's relatively easy to do. And as far as being prejudiced, yeah. We didn't even discuss whether or not we would want to bring in an expert of our own, because there was no indication that Dr. Rao or the chemist was being called.

\* \* \* \* \* \*

"For me to bring in an expert witness I have to go to Minneapolis.... It's not one of the decisions you make at the last minute. The economics of the situation is such as I don't know if we would want to or not. It's an expensive proposition, but my experience has been that normally it's in the long run a very rewarding proposition to bring someone in. So right there I've got the prejudice. It's something that, because there was no indication that these people would be called, we didn't even discuss. I thought we were coming down to do a typical DUI where you call the officer, introduce the documents, and that's it.

\* \* \* \* \* \*

"Again, it affects my trial strategy and trial tactics. I came down here planning on trying a case one way and I make—I make those strategic decisions based on who the prosecution indicates that they're going to call.... Here I sit. I haven't checked out any of these people that they are talking about to see what there is in their background, and that's something that you do based on the responses."

During the discussion, the state's attorney admitted that his failure to disclose the witnesses was "inadvertence on behalf of my office." He argued that, "I see no surprise that we should continue the matter." The trial judge, apparently agreeing with the state's attorney, but offering no explanation of his decision, denied Lince's request for a continuance and allowed all of the State's witnesses to testify.

██ Rule 16, N.D.R.Crim.P., is an evidentiary discovery rule "designed to further the interests of fairness." *State v. Rasmussen*, 365 N.W.2d 481, 483 (N.D. 1985). If the alleged error in applying the criminal discovery rules is not of a constitutional magnitude, the defendant is entitled to a new trial only upon a showing that a substantial right has been affected. *State v. Hager*, 271 N.W.2d 476 (N.D.1978). If it is clear that the defendant was not prejudiced by the error, then he cannot claim that a substantial right was affected. *Rasmussen, supra*, 365 N.W.2d at 483.

Lince's counsel explained to the trial court why he was prejudiced by the State's failure to disclose its witnesses. First, he did not have an adequate opportunity to prepare for cross-examination of them. For instance, he had no time to investigate the witnesses' backgrounds, which may have revealed information helpful to the defense about the witnesses' credibility, their knowledge of the facts to which they testified, or the scientific basis for any expert testimony offered. Secondly, he did not have an opportunity to obtain an expert witness to rebut the State's expert witness testimony.

When a party has withheld evidence that should have been disclosed, Rule 16(d)(2), N.D.R.Crim.P., authorizes the trial court to use one or more remedies, including the granting of a continuance or prohibiting the undisclosed material from being introduced into evidence. These are the remedies that Lince's attorney requested. By granting either request, the trial court could have remedied the State's nondisclosure. *See State v. Miller*, 466 N.W.2d 128 (N.D.1991). Under the circumstances, we believe that it was an abuse of discretion by the trial court to deny Lince any relief for the State's admitted failure to disclose who it intended to call as witnesses at the trial. We need not and will not speculate whether giving timely disclosure of the State's witnesses, thereby allowing defense counsel a fair opportunity to defend against their testimony, would have resulted in a successful defense of the charges. *See Hager, supra,* 271 N.W.2d at 484. We conclude that the trial court's failure to grant Lince any relief affected a substantial right and resulted in prejudicial error. Accordingly, we reverse the judgment of conviction and remand for a new trial.

ERICKSTAD, C.J., and MESCHKE, LEVINE and JOHNSON, JJ., concur.