STATE of North Dakota, Plaintiff
and Appellee,

v.

Adam ROERICK, Defendant
and Appellant.

Criminal No. 960080.

Supreme Court of North Dakota.

Dec. 4, 1996.

Lonnie Olson, State's Attorney, Devils Lake, for plaintiff and appellee.

Todd A. Schwarz, Frith, Schwarz & Steffan, Devils Lake, for defendant and appellant.

VANDE WALLE, Chief Justice.

Adam Roerick appealed from the trial court's order denying his motion for new trial. A jury convicted Roerick of arson and he now challenges the conviction, claiming the trial court erred in allowing the State to introduce a previously undisclosed expert witness, and in doing so, denied Roerick his constitutional right to a fair trial and effective assistance of counsel. Because we find no reversible error by the trial court, we affirm.

Adam Roerick was the owner of the Doyon Bar in Doyon, North Dakota. In the early morning of October 30, 1993, the bar burned to the ground. Following an investigation by Devils Lake Rural Fire Department and Roerick's insurance provider, Roerick was arrested for arson. On August 25, 1995, some two weeks before trial, the State submitted information which included an updated witness list, adding Robert Bursch, an arson expert, as a witness.

The day of trial, Roerick moved to exclude Bursch as a witness and exclude his investigation report because the witness had not been properly disclosed under Rule 16 of the

North Dakota Rules of Criminal Procedure. The trial court denied the motion. Roerick made no motion for continuance, the trial commenced, and Bursch was allowed to testify. Bursch, who investigated the fire at Roerick's insurance company's request, testified to its origins. The jury convicted Roerick of arson, a class B felony.

In his motion for a new trial, Roerick claimed the State's failure to disclose Bursch as a witness and the trial court's subsequent decision to allow Bursch to testify "denied him [Roerick] the ability to confront the expert witness in an appropriate manner, and denied him the opportunity to have expert witnesses of his own appear and testify on his behalf." Roerick contends, his constitutional rights to a fair trial and effective representation were violated. Denying the motion, the trial court concluded the defendant failed to carry the burden of showing prejudice by the State's late disclosure of evidence.[1]

■ The disclosure of witnesses and evidentiary material is governed by Rule 16 of the North Dakota Rules of Criminal Procedure. Although we have not adopted some subsequent federal amendments, the rule, when adopted, was a near verbatim copy of the federal rule, and is "designed to further the interests of fairness." *State v. Lince,* 490 N.W.2d 476, 477 (N.D.1992) (quoting *State v. Rasmussen,* 365 N.W.2d 481, 483 (N.D. 1985)). *See also State v. Hager,* 271 N.W.2d 476, 482 (N.D.1978) (stating the similarity between North Dakota's Rule 16 and the federal rule). The rule requires the timely disclosure, by the prosecution, of the State's witnesses' names and materials pertinent to their testimony. N.D.R.Crim.P. 16(f)(1). Rule 16 is not a constitutional mandate, and a violation of the rule results in a constitutionally unfair trial only when "the barriers and safeguards are so relaxed or forgotten the proceeding is more of a spectacle or a trial by ordeal than a disciplined contest." *Rasmussen,* 365 N.W.2d at 483 (quoting *Hager,* 271 N.W.2d at 484). When a trial court's ruling does not result in an inherently unfair trial, and thus, there is no constitutional issue, the trial court's decision can be reversed

only on a showing, by the defendant, that some substantial rights have been denied. *Rasmussen,* 365 N.W.2d at 483. When the defendant cannot demonstrate unfair prejudice, he or she cannot claim a violation of a substantial right. *Id.* A trial court has broad discretion in admitting evidence which was not disclosed until shortly prior to trial. *See United States v. Longie,* 984 F.2d 955, 958 (8th Cir.1993) (interpreting Fed. R.Crim.P. 16).

■ Here, Roerick contends the disclosure of an expert witness some two weeks prior to trial hindered his preparation for trial because he was unable to depose Bursch or view the documents he planned to use in his testimony until it was too late, Roerick argues, to elicit a useful cross examination.

This argument is similar to the one forwarded in *Rasmussen,* where the defendant claimed the disclosure of grand jury testimony a few days prior to trial violated his right to a fair trial. 365 N.W.2d at 482–83. We were not persuaded there, nor are we persuaded here.

We are concerned with the disclosure of the witness such a short time before trial, particularly where, as here, a substantial amount of time has expired since the criminal act and the time of trial, and the witness is one known to the prosecutor from the beginning of the case. We expect compliance with Rule 16, N.D.R.Crim.P., to be the norm, not the exception. However, although Roerick received notice Bursch would be called to testify some two weeks prior to trial, there was evidence introduced at trial that Roerick had prior knowledge of Bursch's report and the possibility this report would be used at trial. Roerick knew Bursch was hired by his insurance company. Furthermore, during the fire investigation, Roerick knew Bursch accompanied Rick Jorgenson, Roerick's insurance adjuster, to investigate the fire and knew Bursch took several pictures of the scene.

■ Roerick did not move, at any time, for a continuance. Roerick only raised the issue of untimely disclosure immediately before

---

1. Roerick was represented by different counsel in the trial court.

trial. This was a tactical decision on Roerick's part. If Bursch's testimony was so damaging as to make the trial constitutionally unfair, Roerick should have engaged in more defensive measures. Although a continuance may not always be the preferred remedy for late disclosure, a court should not grant a motion for new trial when a tactical decision on the defendant's part fails to create the desired result.

We conclude the trial court's decision to allow Bursch to testify did not unfairly prejudice Roerick. We affirm.

SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.