2013 ND 54

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Thomas DOPPLER, Sr., Defendant and Appellant.**

No. 20120198.

Supreme Court of North Dakota.

April 4, 2013.

James Allen Hope, Assistant State's Attorney, Dickinson, ND, for plaintiff and appellee.

Carey Ann Goetz, Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Thomas Doppler appeals a district court judgment of conviction for possession of methamphetamine and possession of drug paraphernalia after a jury trial. Doppler argues the district court abused its discretion by admitting evidence of Doppler's prior felony convictions. We reverse and remand for a new trial, concluding Doppler's substantial rights were affected by the improper admission of Doppler's prior convictions.

I

[¶ 2] Doppler's apartment was searched on May 18, 2011. The search was supervised by Doppler's probation officer and was conducted by Dickinson Police Department officers. The officers discovered a small amount of methamphetamine as well as two glass pipes with traces of methamphetamine. Doppler was convicted of possession of a controlled substance and possession of drug paraphernalia, both class C felonies. He was sentenced to five years imprisonment with two years suspended and supervised probation.

[¶ 3] Doppler testified at trial. During cross-examination, the State asked, "Mr. Doppler, isn't it true that you are a convicted felon?" Doppler's counsel made no objection, and Doppler answered, "Yes." The State then asked, "And what is—what is the date of the most recent conviction?" Doppler's counsel objected and stated, "Your Honor, I am going to object as to the relevance of his criminal history in this matter." The State replied, "I believe it reflects clearly on his credibility and is permitted by the rule." Doppler's counsel stated, "Your Honor, I don't believe the door has been opened." The district court stated, "When was the alleged—well we're going to have to establish a record please approach the bench counsel. The objection is overruled. You may proceed." The trial transcript did not contain the conversation that occurred between the court and counsel. The State asked Doppler about the dates of the two felony convictions. Doppler testified one felony conviction occurred in 2004 and was the basis for his probation and the other conviction occurred prior to 2004. The State also highlighted the convictions during its closing argument.

[¶ 4] The trial transcript of the jury trial was filed as part of this appeal. Appellate briefs were filed, and oral arguments were held on October 11, 2012. The case was taken under advisement. This Court directed the district court to prepare a transcript or audio recording of the bench conference missing from the original transcript or, in the alternative, to prepare a stipulation of the bench conference from the best available means, including counsel's and court's recollection. *See* N.D.R.App.P. 10(h).

[¶ 5] The supplemental transcript was prepared from the audio recording. The

transcript reflects the district court stated, "Now Rule 609 says that if crime was punishable in excess of one year, and the evidence that he was convicted of a crime. What is it?" The remaining portion of the bench conference was inaudible and could not be transcribed. The district court held a hearing with counsel present to produce a stipulation of what transpired during the bench conference and provided a transcript of that hearing to this Court. The district court noted the recording of the bench conference clearly reflected the court referencing Rule 609 and inquiring whether the crime of which Doppler had been convicted involved a punishment of more than one year. The State said Doppler had been convicted of possession of drugs in Texas, Washington and North Dakota. The State argued the convictions go to the credibility of the witness, though the district court was unable to say with certainty that the word "credibility" was used. The district court could not remember anything Doppler's counsel said. The district court independently recalled being aware of relevance and prejudice issues but could not recall exactly what was said.

[¶ 6] Doppler's counsel offered her recollection of the bench conference on the record. She recalled that the State argued the evidence went to Doppler's credibility and that Rule 609 was referenced. She recalled arguing "under the 401/403 balancing test that [evidence of prior convictions] was more prejudicial than—than probative." She recalled the district court referencing Rule 609 and the State's counsel saying he would mention the felony convictions, but would not identify the nature of the convictions. Doppler's counsel also said the district court engaged in some discussion of Rule 401 and Rule 403 involving balancing the probative value of the evidence against the prejudice to the defendant.

## II

■ [¶ 7] Doppler argues the district court erred in admitting evidence of his prior convictions. "The district court exercises broad discretion in determining whether to admit or exclude evidence, and its determination will be reversed on appeal only for an abuse of discretion." *State v. Chisholm*, 2012 ND 147, ¶ 10, 818 N.W.2d 707. "A district court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably, or it misinterprets or misapplies the law." *Id.*

■ [¶ 8] The admission of evidence of prior convictions for impeachment is governed by N.D.R.Ev. 609(a), which states:

"(a) For the purpose of attacking the character for truthfulness of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime must be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime must be admitted if the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime must be admitted regardless of the punishment, if the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."

The State did not argue Doppler's convictions involved dishonesty or false statement under N.D.R.Ev. 609(a)(2). Admission of prior convictions under N.D.R.Ev. 609(a)(1) is permitted only when the trial

court determines the probative value of the evidence outweighs its prejudicial effect to the accused. *State v. Eugene,* 536 N.W.2d 692, 695 (N.D.1995). Courts consider five factors when determining whether the probative value of the prior conviction outweighs its prejudicial effect: "[1] the impeachment value of the prior crime, [2] the point in time of the conviction and the witness' subsequent history, [3] the similarity between the past crime and the charged crime, [4] the importance of the defendant's testimony and [5] the centrality of the credibility issue." *State v. Bohe,* 447 N.W.2d 277, 281 (N.D.1989). This is a non-exhaustive list, but the factors outline the basic concerns relevant to the balancing test. *Eugene,* at 695.

[¶ 9] The special balancing test required by N.D.R.Ev. 609(a)(1) "only applies to a criminal defendant because a criminal defendant faces the unique risk that juries will use prior convictions as evidence of the defendant's propensity to commit crime, rather than considering the convictions for impeachment purposes only." *State v. Randall,* 2002 ND 16, ¶ 13, 639 N.W.2d 439. "Because of this unique risk, Rule 609(a)(1) favors excluding rather than admitting the prior felony convictions of a witness who is an accused." *Id.* "[T]he burden is on the prosecution to show that the probative value of the conviction outweighs its prejudicial effect." *Id.*

[¶ 10] We have no record showing the district court weighed or considered the proper factors to determine whether the probative value of Doppler's prior convictions outweighed the prejudicial effect. "A trial court abuses its discretion if the record does not 'show that the trial court meaningfully or appropriately considered the relevant factors' when it weighed the prior conviction's probative value and prejudicial effect." *State v. Stewart,* 2002 ND 102, ¶ 9, 646 N.W.2d 712 (quoting *State v. Murchison,* 541 N.W.2d 435, 442 (N.D. 1995)). "Although we prefer the trial court to articulate expressly how it balanced the relevant factors, it is often enough for the court to hold a brief hearing and to make an explicit finding on the record that demonstrates the trial court did not just apply [N.D.R.Ev. 609(a)(1)] mechanically." *Stewart,* at ¶ 9 (quoting *Murchison,* at 442).

[¶ 11] Our decisions illustrate the requirement that a trial court must meaningfully and appropriately consider the relevant factors. In *Eugene,* the defendant filed a motion in limine to preclude the State from admitting evidence of two prior convictions. 536 N.W.2d at 694. The defendant testified at trial and was impeached with the convictions. *Id.* Prior to trial, the court made a record denying the defendant's motion to exclude but incorrectly analyzed the motion under N.D.R.Ev. 609(a)(2) instead of applying the balancing test under 609(a)(1). *Eugene,* at 695. The defendant renewed his objection at trial. *Id.* The district court overruled his objection and stated, "I have made the balance." *Id.* We held, "[T]he trial court failed to provide an adequate explanation for us to conclude it appropriately exercised its discretion in admitting the prior convictions for impeachment of Eugene's testimony under [Rule 609(a)(1), N.D.R.Ev.]." *Eugene,* at 696.

[¶ 12] Similarly, in *Murchison,* the trial court abused its discretion by not providing an adequate explanation for permitting the State to introduce evidence of the defendant's prior convictions. 541 N.W.2d at 442. We explained, "The trial court's ruling did not mention the necessary factors, much less 'expressly articulate' how it balanced those factors." *Id.*

[¶ 13] Like in *Eugene* and *Murchison,* the district court here failed to

provide an adequate record explaining why it overruled Doppler's objection. The supplemental transcript and stipulation of the bench conference do not establish the district court identified the proper factors or articulated how it balanced the probative value of Doppler's convictions against the prejudicial effect. Nothing demonstrates N.D.R.Ev. 609(a)(1) was not mechanically applied. Doppler's convictions therefore were admitted without an adequate explanation for us to conclude the court appropriately exercised its discretion.

### III

[¶ 14] The State argues that even if the district court did not properly apply N.D.R.Ev. 609(a)(1), Doppler's failure to object to the first question regarding Doppler's convictions limits this Court's review to obvious error. "An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." N.D.R.Crim.P. 52(b). "A failure to object will limit our inquiry on appeal to determining if the alleged error constitutes obvious error affecting substantial rights." *State v. McDonell*, 550 N.W.2d 62, 64 (N.D.1996). "A party's failure to object to evidence admitted at trial generally waives the party's right to complain on appeal about the admission of the evidence." *State v. Hernandez*, 2005 ND 214, ¶ 12, 707 N.W.2d 449. "The rationale for that rule precludes a defendant from inviting error in the hope that if the defendant does not prevail in the trial court, he will prevail upon appellate review of the invited error." *Id.* "We will not find obvious error unless an appellant meets the burden of showing: '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *State v. Doll*, 2012 ND 32, ¶ 11, 812 N.W.2d 381 (quotation omitted). "To determine whether obvious error occurred, we 'examine the entire record and the probable

effect of the alleged error in light of all the evidence.'" *Id.* (quotation omitted).

[¶ 15] The lack of a record showing the district court properly identified the relevant factors in determining whether Doppler's convictions should be admitted under N.D.R.Ev. 609(a)(1) must be treated as error. Decisions of this Court clearly establish the requirement of the balancing test. *Eugene*, 536 N.W.2d at 696; *Murchison*, 541 N.W.2d at 442. The error therefore must be treated as plain. *State v. Tresenriter*, 2012 ND 240, ¶ 12, 823 N.W.2d 774 ("To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law."). The remaining question is whether the error affected Doppler's substantial rights. To establish his substantial rights have been affected, Doppler must "show the error was prejudicial, or affected the outcome of the proceeding." *Hernandez*, 2005 ND 214, ¶ 13, 707 N.W.2d 449.

[¶ 16] Upon review of the entire record, we conclude Doppler's substantial rights were affected by the prejudice resulting because of the error. Not only did the State use Doppler's convictions to impeach his testimony, but also again referenced the convictions in its closing argument. Indeed, the State emphasized the convictions, stating, "The basis for this search is a probation search. *The Defendant admits that he is a convicted felon.* That's why he is being supervised. That's why he was being searched." (Emphasis added.) The State again emphasized the convictions later in its closing argument, stating:

"Mr. Doppler would have you believe that another person allegedly some kind of drug user would take money, and leave contraband in the form of methamphetamine and smoking devices in his apartment. That's where I am suggest-

ing to you that there's a direct conflict, and when you weigh that out I want you to weigh out the fact that Mr. Eslinger is an officer of the law and *the Defendant is a twice convicted felon, who is on supervised probation, who is doing precisely what he is on probation for, which is committing crimes.*"

(Emphasis added.) The State crossed the line from using the conviction strictly for impeachment purposes into using it improperly as character evidence. *State v. Schmeets,* 2009 ND 163, ¶ 15, 772 N.W.2d 623.

[¶ 17] We have "warned of the dangers inherent in allowing evidence of other acts to show propensity and of tempting a jury to convict a defendant for actions other than the charged misconduct." *Schmeets,* 2009 ND 163, ¶ 15, 772 N.W.2d 623 (quotation omitted). Rule 404(b), N.D.R.Ev., controls admission of such evidence and states:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."

"Evidence of prior acts or crimes is generally not admissible unless it is substantially relevant for some purpose other than to point out the defendant's criminal character and thus to show the probability that he acted in conformity therewith." *Schmeets,* at ¶ 15 (quotation omitted). The same rationale underlying N.D.R.Ev.

404(b) serves as the basis for the heightened requirement under N.D.R.Ev. 609(a)(1) for impeachment of an accused with prior convictions. The "unique risk" that a jury will use prior convictions as evidence of propensity to commit a crime is the basis for the special balancing test the court must engage in when making a ruling under N.D.R.Ev. 609(a)(1). *Randall,* 2002 ND 16, ¶ 13, 639 N.W.2d 439.

[¶ 18] Here, the State improperly impeached Doppler with the convictions and improperly used the convictions as evidence of prior bad acts. The State's closing argument intimated that Doppler was a convicted criminal on probation, doing the same thing he was on probation for: committing a crime. While we notice obvious error cautiously and only in exceptional situations, we have held reference to prior criminal acts without a limiting instruction may adversely affect a defendant's substantial rights. *Schmeets,* 2009 ND 163, ¶ 19, 772 N.W.2d 623.

[¶ 19] The Eighth Circuit also has held improper admission of prior convictions may be plain error. *United States v. Millard,* 139 F.3d 1200, 1208 (8th Cir.1998). There, the trial court committed plain error by admitting evidence of prior convictions and improper guilty plea conversations. *Id.* The appellate court explained, "The evidence of the Millards' prior convictions may have caused the jury to infer that because the Millards were involved in drug trafficking in the past, they were involved in drug trafficking on this occasion." *Id.* at 1206.

[¶ 20] Doppler unfairly faced the risk the jury would use the convictions as evidence of his propensity to commit the crimes charged. The failure of the district court to weigh the probative value of Doppler's convictions against its prejudicial effect, combined with the State's use of the

convictions during its closing argument and the lack of any limiting instructions, leads us to conclude Doppler's substantial rights were adversely affected.

## IV

[¶ 21] The State argues that even if error was committed below, it was harmless. "Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." N.D.R.Crim.P. 52(a). "If evidence was admitted in error, this Court will consider the entire record and decide in light of all the evidence whether the error was so prejudicial the defendant's rights were affected and a different decision would have occurred absent the error." *State v. Saulter*, 2009 ND 78, ¶ 18, 764 N.W.2d 430. "Under Rule 609, error is harmless if the witness's credibility was sufficiently impeached by other evidence, or if the State's case was strong enough to support a conviction even apart from the witness's testimony." *Randall*, 2002 ND 16, ¶ 20, 639 N.W.2d 439.

[¶ 22] The State argues any error should be considered harmless because the only facts elicited following Doppler's objection were the date of the 2004 conviction and the existence and date of another conviction in California. The State argues the jury already knew Doppler had been convicted of a previous crime because Doppler's probation officer testified Doppler was on probation at the time of the search. The State argues no details, such as the nature of the convictions, were mentioned and questioning was brief. Doppler argues evidence of the convictions and closing arguments about them were highly prejudicial because they indicated a propensity to commit crimes. Doppler also argues his credibility was crucial to his defense because he was the only witness

explaining why the contraband was in his residence.

[¶ 23] The State's case primarily was based on testimony from the police officers who searched Doppler's residence and found the methamphetamine and paraphernalia. A crime lab chemist also testified the substances found were methamphetamine. Doppler did not contest that the methamphetamine and paraphernalia were discovered in his residence during the search. Instead, he testified the items were left in the residence without his knowledge by a woman who broke into his home.

[¶ 24] Improper admission of prior convictions generally has been viewed as harmless where "the State's case [is] strong enough to support a conviction even apart from the witness's testimony." *Randall*, 2002 ND 16, ¶ 20, 639 N.W.2d 439. In *Eugene*, we held that though admission of a defendant's prior convictions was error, it did not affect the decision of the jury and was harmless. 536 N.W.2d at 696. There, we noted the erroneously admitted evidence was introduced after the jury heard evidence of a different conviction that was not objected to. *Id.* We also noted the reference to the prior convictions was very brief, concerning only the dates of their occurrence. *Id.* Similarly, in *Murchison*, erroneous admission of prior convictions was harmless because "the jury had appropriately heard evidence of Murchison's 1985 robbery and 1986 terrorizing convictions. Thus, the later use of the 1994 convictions 'did not likely have a substantial prejudicial effect.'" 541 N.W.2d at 443 (quotation omitted).

[¶ 25] Separating this case from *Eugene* and *Murchison* is the State's closing argument, which transforms the question from whether the State's case was strong enough to support a conviction apart from the defendant's testimony to whether the

**510**

cumulative error deprived Doppler of a fair trial. Had Doppler's convictions been used only for impeachment purposes, the error likely would have been harmless. However, because the State again referenced the convictions in its closing, concerns are raised regarding use of propensity evidence in violation of N.D.R.Ev. 404(b). We cannot say such error had no effect on Doppler's substantial rights where the district court fails to properly weigh whether the probative value of evidence of a defendant's prior convictions outweighs its prejudicial effect, no limiting jury instruction is given and the State uses the evidence in its closing argument in a manner that the jury may improperly consider the prior convictions as evidence of propensity to commit crime. We conclude the error was not harmless under N.D.R.Crim.P. 52(a).

### V

[¶ 26] Having determined there was obvious error and concluding the error was not harmless, we have the discretion to reverse but are not required to do so. *State v. Olander,* 1998 ND 50, ¶ 27, 575 N.W.2d 658; *Millard,* 139 F.3d at 1208. Courts exercise discretion to correct obvious error when the error "would seriously affect the fairness, integrity, and public reputation of jury criminal trials." *Olander,* at ¶ 27. Here, the prohibition of propensity evidence under the North Dakota Rules of Evidence and our case law requiring special balancing by the trial court is intended to protect against the unique risk "juries will use prior convictions as evidence of the defendant's propensity to commit crime, rather than considering the convictions for impeachment purposes only." *Randall,* 2002 ND 16, ¶ 13, 639 N.W.2d 439. Therefore, we exercise our discretion and correct the obvious error.

### VI

[¶ 27] We reverse the district court judgment and remand for a new trial.

[¶ 28] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.