2014 ND 230

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Derald Ross HORN, Jr., Defendant and Appellant.**

No. 20140093.

Supreme Court of North Dakota.

Dec. 18, 2014.

Christopher M. Redmann (submitted on brief), Assistant State's Attorney, and Tessa M. Vaagen (on brief), under the Rule on Limited Practice of Law by Law Students, Bismarck, ND, for plaintiff and appellee.

Lee M. Grossman, Valley City, ND, for defendant and appellant; submitted on brief.

KAPSNER, Justice.

[¶ 1] Derald Ross Horn Jr. appeals from a criminal judgment entered after a jury found him guilty of burglary. We conclude the district court did not commit obvious error in allowing the records custodian to testify, Horn failed to establish a *Brady* violation, and there was sufficient evidence to support the jury's guilty verdict. We affirm.

I

[¶ 2] Horn was charged with three counts of burglary stemming from alleged

burglaries at three bars in Burleigh County: Flash's Bar in Sterling, Moffit Bar in Moffit, and Uncle Jesse's Bar in Driscoll. Police investigated alleged burglaries at Moffit Bar and Flash's Bar and discovered size 13 Nike shoe prints and one-half inch pry marks along the outside windows and on pull tab machines at both scenes. An investigation after an alleged burglary at Uncle Jesse's Bar also uncovered size 13 shoe prints and one-half inch pry marks. Horn was pulled over because his vehicle matched a report of a car possibly involved in the burglaries. The police officer noted Horn was acting nervous and was wearing Nike shoes. Horn consented to a search of his vehicle, and "burglary" tools, including bolt cutters with fresh metal filings, were found. Officers later went to Horn's place of employment, and Horn again consented to a search of his vehicle. Officers discovered a map opened to rural areas of Burleigh County, a bolt cutter, tire irons with one-half inch prying ends, various tools, dark clothing, and size 13 Nike shoes.

[¶ 3] At the final dispositional conference before trial, Horn moved to dismiss the case arguing the State had violated a discovery rule by failing to provide the actual name, rather than simply the job title, of one of its witnesses. The district court denied the motion. At the close of the State's evidence, Horn moved for acquittal based on lack of evidence. The district court denied Horn's motion. After the defense rested, Horn renewed his motion for acquittal, and the district court again denied the motion. The jury found Horn guilty of all three counts.

## II

[¶ 4] On appeal, Horn argues the State violated his due process rights by failing to comply with N.D.R.Crim.P. 16 and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Horn also argues there was insufficient evidence to support the jury's guilty verdict.

[¶ 5] Rule 16, N.D.R.Crim.P., governs the disclosure of witnesses. *State v. Roerick*, 557 N.W.2d 55, 56 (N.D.1996). Upon the defendant's written request, it requires the prosecution to timely disclose its witnesses' names and materials pertinent to their testimony. *Id.*; N.D.R.Crim.P. 16(f)(1). "We expect compliance with Rule 16, N.D.R.Crim.P., to be the norm, not the exception." *Roerick*, at 56. However, Horn must show prejudice in order to be entitled to relief for a Rule 16 violation. *See State v. Thorson*, 2003 ND 76, ¶ 12, 660 N.W.2d 581.

[¶ 6] Horn argues he was denied a substantial right because the State violated Rule 16 by failing to disclose the actual name of one of its witnesses. Although the State disclosed the witness's job title, "Prairie Knights Casino Records Custodian," it did not disclose the witness's actual name. Horn argues the alleged violation should be reviewed under the abuse of discretion standard. We disagree.

[¶ 7] Typically, this Court reviews trial court decisions regarding alleged discovery violations under the abuse of discretion standard. *State v. Loughead*, 2007 ND 16, ¶ 17, 726 N.W.2d 859. However, if the party fails to preserve the issue in the lower court and the error affects substantial rights, the obvious error standard applies. *See State v. Doppler*, 2013 ND 54, ¶ 14, 828 N.W.2d 502 ("A failure to object will limit our inquiry on appeal to determining if the alleged error constitutes obvious error affecting substantial rights.") (citation omitted); *see also* N.D.R.Crim.P. 52(b).

[¶ 8] The State argues the obvious error standard applies because Horn failed to preserve the issue for review on appeal

by failing to object to the records custodian's testimony at trial.

[¶ 9] "A touchstone for an effective appeal on any issue is that the matter was appropriately raised in the district court so the court has an opportunity to intelligently rule on it." *State v. Tresenriter*, 2012 ND 240, ¶ 9, 823 N.W.2d 774. Thus, a party who fails to timely object to the admission of offered evidence cannot challenge its admission on appeal. *Id.* Even if a party has raised an unsuccessful challenge in a pretrial motion, in order to preserve the issue for appeal, the party must renew the objection when the evidence is offered at trial. *See id.* at ¶ 10.

[¶ 10] At the final dispositional conference before trial, Horn moved to dismiss the case arguing the State had not complied with a discovery rule because it failed to provide the actual name of one of its witnesses. The district court denied the motion stating the purpose of the records custodian's testimony was to provide foundation for records from the casino, the testimony was to be limited for that purpose, and any objections about discovery violations should be raised at trial. Even though the district court specifically indicated the objection could be raised again at trial, Horn failed to renew his objection at trial.

[¶ 11] We conclude Horn did not properly preserve this issue for appeal because he failed to object to the testimony at trial; thus, the obvious error standard is applicable.

[¶ 12] "In order to establish obvious error, the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights." *State v. Miller*, 2001 ND 132, ¶ 25, 631 N.W.2d 587. An error is obvious when there is a clear deviation from an applicable legal rule under current law. *Id.* Even if the defendant establishes obvious error, it is within the appellate court's discretion to determine whether to correct it; such discretion should be exercised "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* A substantial right has not been denied unless the violation significantly prejudiced the defendant. *State v. Blunt*, 2011 ND 127, ¶ 11, 799 N.W.2d 363.

[¶ 13] Horn argues he was not able to obtain the witness's name by other means, and the name is particularly important for impeachment purposes. Horn does not demonstrate he sought assistance from the court under N.D.R.Crim.P. 16(d) to obtain the actual name of the witness.

[¶ 14] The State argues, even if it violated Rule 16 by providing only the witness's job title, the district court did not commit obvious error in denying the motion to dismiss because the court supported its denial by stating the testimony's purpose was to provide foundation for the casino records, the testimony was to be limited for that purpose, and any objections should be raised at trial. Horn knew the State planned to call the records custodian almost three months before trial.

[¶ 15] The State also argues on appeal discovery materials contained the name of the records custodian actually called at trial in an e-mail from the records custodian to a deputy dated July 24, 2013. A copy of an e-mail was included in the State's appendix and referred to in the State's appellee brief. Upon review of the appendix certified by the State, and comparing it with the record certified by the Clerk of Court, it is clear that the e-mail in the State's appendix was not in the record below. "Only items in the record may be included in the appendix." N.D.R.App.P. 30(a)(1). This Court will not consider documents not in the certified record. *Syvertson v. State*, 2000 ND 185, ¶ 36, 620

N.W.2d 362. This Court has previously sanctioned attorneys for attempting to rely on materials not in the record. *See Flink v. N.D. Workers Comp. Bureau*, 1998 ND 11, ¶ 21, 574 N.W.2d 784. We admonish the State to refrain from including items in the appendix that are not in the record as we may not be so willing to overlook it in the future. *See id.*

[¶ 16] In *State v. Lince*, the State provided the defendant with the name of only one witness before trial, but announced its intention to call six witnesses during in-chamber discussions shortly before the trial started. 490 N.W.2d 476, 476–77 (N.D. 1992). This Court concluded the defendant's substantial rights were affected, and the defendant was prejudiced by not having an adequate opportunity to prepare for cross-examination or to obtain an expert witness to rebut the prosecution's expert witness. *Id.* at 477–78. Thus, the trial court erred in allowing the prosecution to call witnesses at trial who had not been properly disclosed to the defendant. *Id.* at 478.

[¶ 17] This case is distinguishable from *Lince*. The records custodian was not an expert witness, and the testimony was limited to providing foundation for the casino records. In addition, the State's intent to call the records custodian as a witness was disclosed nearly three months before trial, rather than immediately preceding the trial during in-chamber discussions as in *Lince*.

[¶ 18] This Court has stated:
Rule 16 is not a constitutional mandate, and a violation of the rule results in a constitutionally unfair trial only when the barriers and safeguards are so relaxed or forgotten the proceeding is more of a spectacle or a trial by ordeal than a disciplined contest. When a trial court's ruling does not result in an inherently unfair trial, and thus, there is no constitutional issue, the trial court's decision can be reversed only on a showing, by the defendant, that some substantial rights have been denied. When the defendant cannot demonstrate unfair prejudice, he or she cannot claim a violation of a substantial right. A trial court has broad discretion in admitting evidence which was not disclosed until shortly prior to trial.

*Roerick*, 557 N.W.2d at 56 (internal citations and quotations omitted).

[¶ 19] Disregarding, as we must, the information in the improperly filed appendix items, there is sufficient information in the record to determine that the trial court did not commit obvious error in allowing the records custodian to testify for the limited purpose specified.

### III

[¶ 20] Horn also argues the State's failure to disclose the actual name of one of its witnesses, the casino records custodian, constituted a *Brady* violation. Horn argues he could not properly prepare to impeach the witness because he did not have the witness's actual name, and evidence that can be used to impeach a witness is subject to disclosure under *Brady*.

[¶ 21] This Court has explained the *Brady* standard, stating:
In *Brady*, the United States Supreme Court held that suppression by the prosecution of evidence favorable to an accused violates due process if the evidence is material to guilt or punishment. To establish a *Brady* violation, the defendant must prove: (1) the government possessed evidence favorable to the defendant; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the prosecution suppressed the evidence; and (4) a reasonable probability

exists that the outcome of the proceedings would have been different if the evidence had been disclosed.

*State v. Muhle*, 2007 ND 132, ¶ 25, 737 N.W.2d 647 (internal citations and quotations omitted). The *Brady* rule does not apply to evidence the defendant could have obtained with reasonable diligence; a defendant's failure to discover evidence due to a lack of diligence defeats a *Brady* claim that the prosecution withheld such evidence. *Thorson*, 2003 ND 76, ¶ 13, 660 N.W.2d 581. The undisclosed material must be plainly exculpatory; *Brady* does not apply to evidence that might have been exculpatory. *See State v. Steffes*, 500 N.W.2d 608, 613 (N.D.1993) ("*Brady* materials are plainly exculpatory and no inference is required."). There is no *Brady* violation if the defendant fails to demonstrate the evidence was favorable to him. *See State v. Goulet*, 1999 ND 80, ¶ 15, 593 N.W.2d 345.

[¶ 22] We conclude Horn has not established that the result of the proceedings would have been different had the actual name, rather than only the job title, of the State's witness been disclosed; thus, Horn has failed to establish a *Brady* violation.

### IV

[¶ 23] Horn argues the State's evidence was insufficient to support a jury's guilty verdict. This Court has stated:

In an appeal challenging the sufficiency of the evidence, we look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its fa-vor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses. A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts. A conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt. Moreover, a jury may find a defendant guilty even though evidence exists which, if believed, could lead to a not guilty verdict.

*State v. Sabo*, 2007 ND 193, ¶ 15, 742 N.W.2d 812 (quoting *State v. Bertram*, 2006 ND 10, ¶ 5, 708 N.W.2d 913).

[¶ 24] Horn argues the State failed to prove Horn was involved in the burglaries, and the verdict was only supported by inconsistent circumstantial evidence. Horn argues he was never asked his whereabouts on the dates of the alleged burglaries, he denied ever being in those towns, and he provided a reasonable explanation as to why he had the "implements of a burglar" in his vehicle.

[¶ 25] The State argues it presented a substantial amount of consistent circumstantial evidence to prove Horn committed the burglaries, including he wore the same size 13 Nike shoes as the prints found at all three scenes, he possessed the same or similar tools that were used at the burglaries, his inconsistent statements to police tarnished his credibility, and he had a motive, namely getting money to feed his gambling habits.

[¶ 26] Based on the evidence presented at trial and the deference afforded to the prosecution when considering a sufficiency of the evidence claim, we conclude a rational fact-finder could have determined

Horn was guilty, and there was sufficient evidence to support the jury's guilty verdict.

## V

[¶ 27] We conclude the district court did not commit obvious error in allowing the records custodian to testify, Horn failed to establish a *Brady* violation, and there was sufficient evidence to support the jury's guilty verdict. We affirm the judgment.

[¶ 28] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.