Crothers, Justice.
 

 [¶ 1] Walter Grant, Jr. appeals from a criminal judgment entered after he pled guilty to gross sexual imposition, burglary, aggravated assault, and terrorizing. He argues the district court committed obvious error by failing to determine whether he was competent to proceed. We affirm.
 

 I
 

 [¶ 2] In August 2016 Grant was charged with gross sexual imposition, burglary, aggravated assault, terrorizing, and felonious restraint. At Grant's initial district court appearance he was uncooperative, he said he was not going to listen to the judge, and he put his fingers in his ears. The hearing was ended as a result of Grant's behavior. The hearing was later completed at the jail.
 

 [¶ 3] The State moved for a forensic psychological examination to determine
 
 *641
 
 whether Grant suffered from a mental disease or defect and whether he lacked substantial capacity to comprehend the harmful nature or consequences of his conduct for the offenses. The State also requested determination whether Grant had capacity to understand the proceedings against him and to assist in his defense. The district court granted the State's motion and ordered a psychological examination.
 

 [¶ 4] In October 2016 Grant's attorney informed the court Grant refused to meet with him and twice refused to meet with the forensic examiner. The State moved for an order transporting Grant to the State Hospital to be examined through observation for thirty days. The court granted the State's motion and ordered Grant be transported to the State Hospital for the examination.
 

 [¶ 5] On October 26, 2016 Grant's attorney moved to withdraw, stating Grant wanted to terminate the attorney-client relationship. After a hearing, at which Grant refused to appear, the court granted the attorney's motion in a December 5, 2016 order.
 

 [¶ 6] On December 1, 2016 the evaluation report was filed. The examiner concluded with a reasonable degree of psychological certainty that Grant was competent to proceed and no reason existed to believe Grant lacked the capacity to understand the proceedings against him or to assist in his defense. The examiner found Grant likely was trying to delay the legal process or raise grounds through which he might gain some benefit, and it seemed likely Grant would make the legal proceedings against him as difficult as possible for his attorney and the court.
 

 [¶ 7] On December 13, 2016 a new attorney was assigned to represent Grant. In January 2017 the attorney moved to withdraw, claiming Grant refused contact with him and created a situation in which the attorney could no longer represent him. In February 2017 the district court granted the attorney's motion. Another attorney was assigned to represent Grant. In July 2017 Grant's third attorney moved to withdraw. The district court denied the motion, stating Grant's actions with each of his attorneys made it difficult for the attorneys to work with him and his lack of cooperation with his third attorney did not warrant delaying trial or allowing withdrawal.
 

 [¶ 8] The State and Grant reached a plea agreement. Grant pled guilty to gross sexual imposition, burglary, aggravated assault, and terrorizing. The felonious restraint charge was dismissed. Criminal judgment was entered.
 

 II
 

 [¶ 9] Grant argues the district court committed obvious error by failing to determine whether he was competent to proceed after ordering the psychological examination and his detention to complete the examination. He claims N.D.C.C. ch. 12.1-04 requires that the court make findings and a competency determination if it orders a psychological examination. He does not argue that the court erred by failing to hold a competency hearing or that he was incompetent when he pled guilty.
 

 [¶ 10] The conviction of an incompetent defendant violates the due process safeguards of the United States Constitution, and a competency hearing is required if reasonable doubt exists about the defendant's competency.
 
 See
 

 Pate v. Robinson
 
 ,
 
 383 U.S. 375
 
 , 385,
 
 86 S.Ct. 836
 
 ,
 
 15 L.Ed.2d 815
 
 (1966) ;
 
 see also
 

 State v. Roberson
 
 ,
 
 2002 ND 24
 
 , ¶ 12,
 
 639 N.W.2d 690
 
 . If the district court has no information which reasonably should have raised a doubt about the defendant's competency, the district
 
 *642
 
 court is entitled to presume the defendant is competent to stand trial and proceed without a competency hearing.
 
 Roberson
 
 , at ¶ 14.
 

 [¶ 11] Chapter 12.1-04, N.D.C.C., provides the statutory requirements for determining a defendant's competency to proceed. A person who, as a result of mental disease or defect, lacks capacity to understand the proceedings or to assist in their own defense shall not be tried or convicted as long as the incapacity endures. N.D.C.C. § 12.1-04-04. "Whenever there is reason to doubt the defendant's fitness to proceed, the court may order the detention of the defendant for the purpose of an examination by a tier 1a mental health professional." N.D.C.C. § 12.1-04-06. Any detention for an examination must be in the least restrictive appropriate setting, including the state hospital, and for a reasonable period, not to exceed thirty days. N.D.C.C. § 12.1-04-06. If an examination is ordered, N.D.C.C. § 12.1-04-07 requires the examining psychiatrists or psychologists to give the court a written report, including an opinion whether the defendant is fit to proceed. Section 12.1-04-07, N.D.C.C., further states, "If the findings of the report are contested, the court shall hold a hearing prior to deciding whether the defendant currently lacks fitness to proceed or currently lacks ability to effectively communicate with counsel and whether the defendant will attain fitness to proceed or ability to effectively communicate with counsel in the foreseeable future." N.D.C.C. § 12.1-04-07(3).
 

 [¶ 12] Grant did not request a competency hearing before the district court accepted his guilty plea. Nor did he contest the findings of the psychological evaluation report, or argue the district court was required to determine whether he was competent to proceed. He argues for the first time on appeal that the district court was required to make findings about his competency. Issues not raised in the district court generally are not addressed on appeal, except when the error rises to the level of obvious error affecting the defendant's substantial rights.
 
 Roberson
 
 ,
 
 2002 ND 24
 
 , ¶ 11,
 
 639 N.W.2d 690
 
 ; N.D.R.Crim.P. 52(b).
 

 [¶ 13] An obvious error is one that is prejudicial or affects the outcome of the proceedings.
 
 Roberson
 
 ,
 
 2002 ND 24
 
 , ¶ 11,
 
 639 N.W.2d 690
 
 . To establish obvious error, the defendant must show: "(1) error, (2) that is plain, and (3) that affects substantial rights."
 
 State v. Horn
 
 ,
 
 2014 ND 230
 
 , ¶ 12,
 
 857 N.W.2d 77
 
 . "We exercise our power to notice obvious error cautiously and only in exceptional circumstances where the accused has suffered serious injustice."
 
 State v. Olander
 
 ,
 
 1998 ND 50
 
 , ¶ 12,
 
 575 N.W.2d 658
 
 . An appellate court has discretion to correct an obvious error and "an appellate court should not correct an error unless there is a clear deviation from an applicable legal rule under current law."
 

 Id.
 

 at ¶ 14 ;
 
 see also
 

 Horn
 
 , at ¶ 12.
 

 [¶ 14] Grant argues N.D.C.C. ch. 12.1-04 requires that the district court make a determination about competency if doubt exists about the defendant's fitness to proceed. He contends because the court ordered an examination and ordered that he be detained at the state hospital for up to thirty days to complete the examination, there was doubt about his fitness to proceed, there was no presumption he was competent, and the court was required to find by a preponderance of the evidence that he was competent and fit to proceed. He contends the court obviously erred by allowing his case to proceed without first making a finding about his competency and fitness to proceed.
 

 [¶ 15] In interpreting statutes, our primary objective is to determine legislative
 
 *643
 
 intent as expressed in the language of the statute.
 
 State v. Brown
 
 ,
 
 2018 ND 31
 
 , ¶ 18,
 
 906 N.W.2d 120
 
 . Words used in a statute are given their plain, ordinary, and commonly understood meaning, unless contrary intention plainly appears.
 

 Id.
 

 ; N.D.C.C. § 1-02-02. Statutes are construed as a whole and harmonized to give meaning to related provisions.
 
 Brown
 
 , at ¶ 18 ; N.D.C.C. § 1-02-07.
 

 [¶ 16] Grant does not cite any law supporting his interpretation of N.D.C.C. ch. 12.1-04. Section 12.1-04-07, N.D.C.C., states, "If the findings of the report are contested, the court shall hold a hearing prior to deciding whether the defendant currently lacks fitness to proceed ...." The plain language of the statute only requires the court to act if the findings of the report are contested. No statutory provision requires the court to make a competency determination whenever an examination is ordered. Nothing in N.D.C.C. ch. 12.1-04 requires the court to take any further action if the report is not contested.
 

 [¶ 17] To the extent Grant argues his constitutional due process rights were violated because the court failed to determine whether he was competent, his argument fails. Grant claims the district court implicitly found reasonable doubt existed about his competency because it ordered his examination and detention at the state hospital. Although N.D.C.C. § 12.1-04-06 authorizes a court to order a defendant's detention for purposes of an examination whenever there is reason to doubt the defendant's fitness to proceed, the district court did not explicitly find there was reasonable doubt about Grant's fitness. Grant does not argue the court here erred in ordering the examination or his detention. Other courts have held a state trial court's decision to grant a motion for a psychological examination alone was not sufficient to raise the required reasonable doubt about the defendant's competence for purposes of a due process violation, regardless of the effect granting the motion may have under state law.
 
 Collins v. Housewright
 
 ,
 
 664 F.2d 181
 
 , 184 (8th Cir. 1981). No clear case law exists supporting a contrary holding.
 

 [¶ 18] In this case, the examiner filed a report containing findings that Grant was competent to proceed and that there was no reason to believe Grant lacked the capacity to understand the proceedings against him or to assist in his defense. Grant did not object to the report or otherwise contest the examiner's findings. No clear statutory provisions or case law required the district court to make a determination about Grant's competency under these circumstances.
 

 [¶ 19] To establish obvious error the claimed error must be a clear deviation from an applicable legal rule under current law.
 
 Horn
 
 ,
 
 2014 ND 230
 
 , ¶ 12,
 
 857 N.W.2d 77
 
 . Grant has not shown the court's failure to make a finding about his competency after the psychological evaluation report was filed is a clear deviation from statutory or case law. The district court did not commit obvious error by failing to fully adjudicate Grant's competency before accepting his guilty pleas.
 

 III
 

 [¶ 20] We affirm the judgment.
 

 [¶ 21] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Benjamen J. Johnson, D.J.
 

 Gerald W. VandeWalle, C.J.
 

 [¶ 22] The Honorable Benjamen J. Johnson, D.J., sitting in place of Tufte, J., disqualified.