# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 125

State of North Dakota,                                         Plaintiff and Appellee

    v.

Connor Bradshaw,                                            Defendant and Appellant

## No. 20210306

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Joshua E. Frey, State's Attorney, Towner, ND, for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant.

**State v. Bradshaw**
**No. 20210306**

**VandeWalle, Justice.**

[¶1]   Connor Bradshaw appeals from a criminal judgment entered after a jury found him guilty of gross sexual imposition. Bradshaw argues the district court erred by failing to use one of the remedies under N.D.R.Crim.P. 16(d) when the State disclosed a redacted version of a video at the beginning of trial.

[¶2]   Prior to trial, the State disclosed the video of the victim's forensic interview. During the interview, the victim disclosed sexual abuse by Bradshaw occurred in both McHenry County and Ward County. Anticipating an objection by the defense, the State prepared a redacted version of the victim's interview which muted references to sexual acts in Ward County. Bradshaw's argument assumes a discovery violation occurred. However, he did not specifically argue to the district court that the State violated N.D.R.Crim.P. 16, nor did the court find that the State violated N.D.R.Crim.P. 16. Additionally, Bradshaw failed to renew his objection when the redacted video was offered into evidence. We conclude Bradshaw did not properly preserve this issue for appeal. *State v. Horn*, 2014 ND 230, ¶ 9, 857 N.W.2d 77 ("[A] party who fails to timely object to the admission of offered evidence cannot challenge its admission on appeal."). When an issue has not been properly preserved for appeal, our review of the issue is limited to whether the alleged error constitutes obvious error affecting substantial rights. *Id*. at ¶ 7. "A substantial right has not been denied unless the violation significantly prejudiced the defendant." *Id*. at ¶ 12.

[¶3]   If we assume a discovery violation occurred under N.D.R.Crim.P. 16, Bradshaw has failed to show how he was significantly prejudiced by the late disclosure or admission of the redacted video. The redacted version of the video muted references to sexual acts in a different county and the State had disclosed the full version of the victim's interview prior to trial. We conclude the district court did not abuse its discretion in admitting the evidence of the redacted video. We affirm the criminal judgment.

[¶4]   Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte